IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

PHILLIP M. VELAZQUEZ,           §
Institutional ID No. 175528,    §
                                §
                    Plaintiff,  §
                                §
v.                              §          CIVIL ACTION NO.
                                §          5:18-CV-069-M-BQ
LARRY DIAL, *et al.*,           §          ECF
                                §
                                §
                    Defendants. §

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation

in this case. Rather than filing objections to the Magistrate Judge's Findings, Conclusions, and

Recommendation, Plaintiff instead moved for leave to file an Amended Complaint, which the

Court allowed. Plaintiff timely filed his Amended Complaint, in which he specifically reaffirms

his previous allegation that the pill call line was still active, but admits that he stood in line after

being individually ordered to return to his cell. He also disputes certain details in the Defendants'

accounts of the incident that were not relevant to the Magistrate Judge's Findings, Conclusions,

and Recommendation;[1] the rest of Plaintiff's Amended Complaint merely restates allegations from

his original Complaint.

Nothing in Plaintiff's Amended Complaint provides a basis for not adopting the Magistrate

Judge's Findings, Conclusions, and Recommendation. The video and authenticated records show

that the pill line had dispersed upon Defendant Ruiz's initial order for the inmates to return to their

---

[1] Plaintiff mentions that "[Defendant] Michael Bates stated in his narrative that I was standing in a squared off position with my cup in my hand," and he explains that he was holding a water bottle rather than a cup and was "not standing in any aggressive form."

cells, and even if it had remained active, Plaintiff now admits that he stood where the line would form in contravention of a direct order. His other added details are redundant or immaterial. Because Plaintiff's Amended Complaint does not in any way impact the Magistrate Judge's analysis in his Findings, Conclusions, and Recommendation, the District Judge reviewed the proposed Findings, Conclusions, and Recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Complaint is **DISMISSED** with prejudice as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[2]

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Findings and Recommendation, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[3] In the event of an appeal, Plaintiff may challenge this certification by filing

---

[2] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section, if the prisoner has, on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[3] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order. A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.

a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; FED. R. APP. P. 24(a)(5).

SO ORDERED this 31st day of October, 2018.


BARBARA M. G. LYNN
CHIEF JUDGE